FT. SMITH RIM & BOW COMPANY *v.* BAKER.

Opinion delivered May 4, 1925.

1. MASTER AND SERVANT—NEGLIGENCE—Where the testimony of an employee, suing for personal injuries received while operating a ripsaw, showed that he had been properly instructed how to run a ripsaw, and according to his own testimony was not injured by reason of his inexperience, it was error to submit the question of the employer's negligence in permitting an inexperienced employee to operate the ripsaw.

2. MASTER AND SERVANT—PROXIMATE CAUSE OF INJURY.—Where an employee, working at a ripsaw, had stopped the feed chain preparatory to fixing it, and, in going back to shut off the ripsaw, slipped on a piece of tailing and in falling cut his hand on the saw, the employer's alleged negligence in allowing the feed chain to become worn was too remote to be proximate cause of the employee's injury, and submission of such was error.

3. MASTER AND SERVANT—PERSONAL INJURY OF SERVANT—IMPROPER ISSUE.—In an action for injuries to a ripsaw operator, where the only negligence the evidence tended to prove was that of the offbearer in leaving tailings where plaintiff slipped, causing his hand to come in contact with the saw as he fell, it was error to submit the employer's negligence in furnishing an inexperienced assistant.

4. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—SUBMISSION OF ISSUE.—In an action for injuries to a ripsaw operator, alleged to have been caused by slipping on tailing which caused his hand to come in contact with a saw, evidence *held* to require sub-

mission of the question whether he was injured while voluntarily placing his hand near the saw to adjust the machinery.

Appeal from Sebastain Circuit Court, Ft. Smith District; *John E. Tatum,* Judge; reversed.

### STATEMENT OF FACTS.

John Baker, for himself and as next friend of his son, Ed Baker, a minor, instituted this action against the Fort Smith Rim & Bow Co., a corporation, to recover damages for personal injuries sustained by Ed Baker while running a ripsaw for the defendant.

Ed Baker was a witness for himself, and became nineteen years of age in February prior to his injury on the 11th day of September, 1922. Ed Baker had been operating the ripsaw about an hour and a half at the time he was injured. He noticed that the feed-chain needed some adjustment, and he shut it off. The saw was still running, and he started to go back to a lever about six or eight feet away for the purpose of stopping the saw from running. As he started to walk around to the lever to shut down the saw, he stumbled on some tailings lying on the floor, and this caused him to fall over backwards. In falling one of his hands came in contact with the revolving saw, and cut off two of his fingers and injured two others.

It was the duty of the off-bearer to carry away the swingletree material that Baker was sawing, and also to pile the tailings at a certain place, so that they would not interfere with the person operating the saw. When the tailings would accumulate to a certain amount, the person running the saw would stop it and assist the off-bearer in loading the tailings on a truck so that they could be carried away. The feed-chain attached to the saw was worn, and would hang once in a while. This made it necessary for the plaintiff to stop the machinery and fix the feed-chain. The feed-chain could be stopped without interfering with the running of the saw. It was then necessary to go back six or eight feet to a lever so that he could stop the saw. He did not notice that some

of the tailings had been negligently thrown aside so that they were in the path leading to the lever. The plaintiff, while walking back to the lever to stop the saw, accidentally tripped or stumbled on a piece of the tailings negligently left in his path, and this caused him to fall backwards, and, in trying to catch, his hand came in contact with the running saw. The plaintiff had worked at the saw in question as off-bearer for two months prior to the time he sustained his injury, and had been instructed about running the ripsaw.

The defendant introduced evidence tending to show that the plaintiff was injured by putting his hand in the machinery for some purpose, and, by his own negligence, allowed it to come in contact with the running saw. Other evidence will be stated or referred to in the opinion.

The jury returned a verdict in favor of the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*T. D. Wynne* and *Pryor & Miles,* for appellant.

*Roy Gean* and *J. A. Gallaher,* for appellee.

HART, J., (after stating the facts). It is first insisted that the court erred in submitting to the jury the question of the negligence of the defendant in permitting Ed Baker, a youth without experience, to operate the ripsaw. In this contention we think counsel are correct. According to the testimony of Ed Baker himself, he was about nineteen and a half years of age at the time he was injured. His own testimony shows him to be a young man of average intelligence, and physically fit to operate a ripsaw. He had been working as off-bearer for the person operating the ripsaw in question for about two months before he was injured. He asked the operator to teach him how to run the saw. The operator reported that the "boss" had consented for him to teach Baker how to run the saw. The sawyer then showed Baker how to operate the saw, and had allowed him to operate it a few minutes each day for about ten days prior to the time he was hurt. The plaintiff was injured by stepping on the tailings, which had been cut off from

the material which he was sawing and negligently left in a place where he would walk in the performance of his duties.   We therefore reach the conclusion that there was no evidence to support the allegation that the plaintiff was injured by reason of his inexperience, and that this question should not have been submitted to the jury.

Baker denied that his hand was injured because he thrust it into a place on the table near the revolving ripsaw and thereby injured himself.  His testimony shows that he knew and appreciated fully the danger from allowing his finger to come in contact with the revolving saw.  He worked as off-bearer at the saw in question for about two months before he was injured, and, during the last ten days of his service, he was instructed about how to operate the ripsaw.  With Baker's knowledge and experience in the use of machinery and the instruction given him, he must be regarded as having acquired a knowledge of the ordinary dangers accompanying its use, and, as we have already seen, his youth and inexperience had nothing whatever to do with causing the injury.

The next assignment of error is that the court erred in submitting to the jury the negligence of the defendant in permitting the chain attached to the saw to become old, loose, and worn.  It is well settled that the negligence complained of in cases of this sort must be the proximate cause of the injury.  It is true that Baker testified that the feed-chain or belt had become loose and worn and the chain would stick once in a while, and that he would have to stop the machine and fix it.  On the occasion in question he had already stopped the feed-chain, preparing to fix it, and this left the saw only running.  He slipped on a piece of the tailings as he went back to shut off the saw.  The alleged negligence in allowing the feed-chain or belt to become worn and defective was too remote to be treated as the proximate cause of Baker's injury.  Therefore the court erred in submitting that question to the jury.

It is next insisted that the court erred in submitting to the jury the negligence of the defendant in furnishing to Baker an inexperienced employee to assist him in the operation of the saw. This contention is well taken. There is no evidence in the record to show that the off-bearer was inexperienced or that the defendant was negligent in employing him. The only cause of· action against the defendant was the alleged negligence of the off-bearer in leaving the tailings at a place where Baker would have to walk in shutting off the saw and where he would not anticipate that any of the tailings or a piece of plank would be thrown. According to Baker's own testimony, he was injured by stepping on a piece of the tailings and slipping backwards so that his hand came in contact with the saw as he fell. Therefore the court should not have submitted any question of negligence to the jury except the negligence of the off-bearer in allowing the tailings to fall at a place where Baker would walk in shutting off the saw and where he would not anticipate that they would be placed.

Counsel for the defendant also insists that the court erred in not submitting to the jury the question of whether or not Baker was injured while voluntarily placing his hand near the saw for the purpose of adjusting some part of the machinery.

It seems that this instruction was refused on the ground that there was no evidence upon which to base it. We think the court erred in not submitting this question to the jury. J. R. Boydston, another employee of the defendant, was about three steps from where Baker was when he got injured. We quote from the testimony of this witness the following:

"A. He never shut it down as I noticed. The first I noticed he came around the side and stepped up, and there was a few pieces that come off the machine, the best I remember, and was fixing something like he was going to put his hand in this feed belt on top, and I looked down, and when I looked back I saw him sling his hand like that. Q. Do you know how they throw

these offals or culls off? A. Yes sir. Q. You saw him go around the end of his table? A. Come around from the front here of his machine around to the side. Q. When you saw him sling his hand, what did he do next? A. There was another party just a little ways off from him, and he started towards him, and then turned around, and I don't know what he said, and he come back, and this other boy that was feeding the machine I was at ran to him and caught hold of him and took him to the office."

Another witness for the defendant testified that he was running a planer five or six feet from the ripsaw at the time Baker was injured. According to his testimony, Baker was standing where they ordinarily threw the scraps or tailings down on the floor. He was standing upon the scraps or tailings that came from the saw. The witness looked over and saw Baker sling his hand. Baker was standing by the side of the table, and turned and slung his hand.

Another witness, who was about ten feet away, testified that he heard the whanging of the saw, and looked around, and Baker was up at the machine with a cut hand. Baker was right opposite the machine on the side of the saw; that tailings or scraps were at the side of the saw-table, and Baker was standing on them at the time he saw him.

From this evidence the jury might have inferred that Baker had thrust his hand in a place near the revolving saw for the purpose of adjusting some part of the machinery, and allowed it to come in contact with the revolving saw. Therefore the court erred in not submitting this question to the jury.

Other assignments of error are urged for a reversal of the judgment, but they will not likely occur upon a retrial of the case.

For the errors in instructing the jury as indicated in the opinion the judgment will be reversed, and the cause remanded for a new trial.